GORLICK, KRAVITZ & LISTHAUS, P.C.
Michael J. Vollbrecht, Esq. (MV 1118)
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
MVollbrecht@gkllaw.com

Attorneys for Plaintiffs
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND, and TRAINING PROGRAM FUND, and
JOHN J. VIRGA, in his fiduciary capacity as Director,

          Plaintiffs,

     - against -

BIG APPLE ROOFING & CONSTRUCTION CORP.
and HARRY MARKU,

          Defendants.
-----------------------------------------------------------------X

07 Civ. 3499

COMPLAINT

    Plaintiffs MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as Director (hereinafter collectively referred to as the "FUNDS"), by and through their attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

    1.   This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund, an employee annuity benefit fund and an employee

training program fund, and by the Director of the FUNDS; for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the FUNDS and to remit dues checkoffs and New York Laborers' Political Action Committee and Mason Tenders District Council Political Action Committee (collectively referred to herein as "PAC") contributions deducted from the wages paid employees who authorize said deductions in writing to the Mason Tenders District Council of Greater New York and Long Island (hereinafter referred to as the "UNION"). This Complaint alleges that by failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions to the UNION when due, defendants violated their collective bargaining agreements, and/or the respective trust agreements of the FUNDS, and/or ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

 i. Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));
 ii. Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);
 iii. 28 U.S.C. § 1331 (federal question); and
 iv. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

PARTIES

4. Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The FUNDS are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The FUNDS are

authorized to maintain suit as independent legal entities under section 502(d) (1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the FUNDS is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the FUNDS pursuant to collective bargaining agreements between employers in the building and construction industry and the UNION. The FUNDS maintain their offices and are administered at 520 Eighth Avenue, Suite 600, New York, New York 10018, in the City, County and State of New York.

      5.    Plaintiff Mason Tenders District Council Welfare Fund (hereinafter referred to as "PLAINTIFF"), one of the above-mentioned labor trust funds, is the duly authorized collecting agent for plaintiffs FUNDS. PLAINTIFF also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the New York Laborers' Health and Safety Trust Fund ("NYLHST"), and the Building Contractors Association Industry Advancement Program ("IAP"), as their authorized agent, and remits said contributions to the NYS-LECET, NYLHST, and IAP. In addition, PLAINTIFF is duly authorized to collect the dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION.

      6.    Plaintiff John J. Virga is the Director of the FUNDS and is a fiduciary of the FUNDS within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132). He brings this action in his fiduciary capacity as Director of the FUNDS.

      7.    Upon information and belief, at all times material hereto, defendant BIG APPLE ROOFING & CONSTRUCTION CORP. ("hereinafter the "CORPORATION") was and is a for-profit domestic corporation company doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Upon information and belief, defendant CORPORATION executed a certain collective bargaining agreement with the UNION (the "Agreement") wherein, *inter alia*, defendant CORPORATION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the Agreement, for all work performed by defendant CORPORATION's employees within the trade and geographical jurisdictions of the UNION, and

to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant CORPORATION.

8.  Upon information and belief, at all times material hereto, defendant BIG APPLE ROOFING & CONSTRUCTION CORP. is and has been President of defendant CORPORATION and is and has been acting in its interest. Upon information and belief, at all times material hereto, said defendant is and has been vested with authority and control over the payment and/or submission of the required monetary contributions and/or reports to the FUNDS and deduction and remittance of dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, owed by defendant CORPORATION under the terms of the Agreement. Further, upon information and belief, said defendant executed on behalf of the CORPORATION and himself individually the Agreement with the UNION wherein, *inter alia*, said defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the Agreement, for all work performed by the CORPORATION's employees within the trade and geographical jurisdictions of the UNION, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant CORPORATION. Based upon all of the foregoing facts, said defendant is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185) and is a party to the Agreement. Said defendant (hereinafter referred to as "SIGNATORY") is sued in this action in his individual and official capacities.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT CORPORATION)

9.  PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this Complaint, as if fully set forth herein.

10.  As a result of work performed by individual employees of defendant CORPORATION, pursuant to the Agreement and based upon available shop steward reports for the

period November 29, 2006 through March 23, 2007, there became due and owing to PLAINTIFF from defendant CORPORATION the amount of at least $161,471.40 as and for fringe benefit contributions for the period November 29, 2006 through March 23, 2007.

11. No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant CORPORATION, although all fringe benefit contributions have been duly demanded, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of at least $161,471.40.

12. The failure, refusal or neglect of defendant CORPORATION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the Agreement between defendant CORPORATION and the UNION with respect to which PLAINTIFF, as the duly authorized collecting agent, is a third-party beneficiary.

13. Accordingly, defendant CORPORATION is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of at least $161,471.40 for the period November 29, 2006 through March 23, 2007, plus the amount found due and owing from an audit of defendant CORPORATION's books and records for the period March 13, 2006 through the present.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT SIGNATORY)

14. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. By its terms, the Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendant CORPORATION under the Agreement. The Agreement provides in relevant part:

> IN WITNESS WHEREOF the parties hereto have caused this Agreement to be signed this day and year by their duly authorized officers, and represent to each other that they were duly authorized to enter into this Agreement. ***The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer***

***provided in this Agreement*** and he warrants and represents that he has authority to bind the Employer and the principals or members thereof.

16. Defendant SIGNATORY is obligated, pursuant to the Agreement, to pay PLAINTIFF, as the duly authorized collecting authorized collecting agent, fringe benefit contributions due.

17. No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant SIGNATORY, although all fringe benefit contributions have been duly demanded.

18. Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent as and for the aforementioned fringe benefit contributions.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS
BY DEFENDANT CORPORATION)

19. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

21. Upon information and belief, at all times material hereto, defendant CORPORATION failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

22. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid and/or untimely paid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23. Accordingly, defendant CORPORATION is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR ERISA DAMAGES
AGAINST DEFENDANT SIGNATORY)

24. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. Upon information and belief, defendant SIGNATORY is and has been acting in the interest of defendant CORPORATION. Upon information and belief, defendant SIGNATORY executed on behalf of defendant CORPORATION and individually the Agreement with the UNION wherein defendant SIGNATORY became personally bound to assume all obligations of defendant CORPORATION under the Agreement.

26. Furthermore, upon information and belief, defendant SIGNATORY as President of defendant CORPORATION is and has been vested with authority and control over payments of the required monetary contributions to PLAINTIFF for all work performed by individual employees of defendant SIGNATORY within the trade and geographical jurisdictions of the UNION.

27. As such, defendant SIGNATORY is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

28. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefits contributions in accordance with the terms and conditions of collective bargaining agreements.

29. Upon information and belief, at all times material hereto, defendant SIGNATORY failed to pay or timely pay and/or submit the required monetary contributions and/or

reports to PLAINTIFF. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

30. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid and/or untimely paid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

31. Accordingly, defendant SIGNATORY is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to The UNION and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A FIFTH CLAIM FOR RELIEF
(PLAINTIFFS FUNDS' DEMAND FOR AN ORDER DIRECTING
DEFENDANT CORPORATION TO PERMIT AN
AUDIT OF ITS BOOKS AND RECORDS)

32. Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. Pursuant to the terms and conditions of the Agreement, defendant CORPORATION is required, *inter alia*, to file certain employer contribution reports with plaintiffs FUNDS, and is further required to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of audits of defendant CORPORATION's books and records, including, but not limited to, all payroll sheets, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B(NY), WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York State Employment Reports, Insurance CORPORATION Reports and supporting checks, ledgers, vouchers, 1099 forms, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance

premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related CORPORATION of the Employer doing bargaining unit work, for the purpose of ascertaining the amount of fringe benefit contributions due PLAINTIFF, as duly authorized collecting agent, from defendants and verifying the accuracy of the employer contribution reports, if any, filed by defendants.

34. Accordingly, pursuant to the terms and conditions of the Agreement, plaintiffs FUNDS demand an order directing defendant CORPORATION to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of an audit of defendant CORPORATION's books and records for the period March 13, 2006 through the present.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
(PLAINTIFFS FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANT SIGNATORY TO PERMIT AN AUDIT OF DEFENDANT CORPORATION'S BOOKS AND RECORDS)

35. Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. Defendant SIGNATORY is obligated, pursuant to the terms of the Agreement, to permit and cooperate in the conduct of audits of the books and records of defendant CORPORATION.

37. Accordingly, plaintiffs FUNDS demand an order directing defendant SIGNATORY to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of the audit of defendant CORPORATION's books and records.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT CORPORATION)

38. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39. Pursuant to the Agreement, defendant CORPORATION, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant CORPORATION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing. The Agreement provides in relevant part:

> The Employer shall deduct one dollar and thirty-five cents ($1.35) per hour, plus any additional sum per hour hereafter specified by the Union, as dues from the wages of all Mason Tenders who authorize such deduction in writing and then promptly pay over such sums to the Mason Tenders District Council not later than one week after said deduction.

40. Upon information and belief, pursuant to the Agreement and as a result of work performed by individual employees of defendant CORPORATION who authorized said deduction in writing, defendant CORPORATION deducted at least $12,922.50 as and for dues checkoffs for the period November 29, 2006 through March 23, 2007.

41. No part of the dues checkoffs contractually due PLAINTIFF, as duly authorized collecting agent for the UNION, has been remitted by defendant CORPORATION to PLAINTIFF, although all unremitted dues checkoffs have been duly demanded.

42. Accordingly, defendant CORPORATION is liable to PLAINTIFF, as duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs in the amount of at least $12,922.50 due for the period November 29, 2006 through March 23, 2007, plus the amount found due and owing from an audit of defendant CORPORATION's books and records for the period March 13, 2006 through the present.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT SIGNATORY)

43. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. Defendant SIGNATORY is obligated, pursuant to the Agreement to remit to PLAINTIFF, as duly authorized collecting agent for the UNION, dues checkoffs.

45. No part of the dues checkoffs contractually due PLAINTIFF, as duly authorized collecting agent for the UNION, has been remitted by defendant SIGNATORY to PLAINTIFF, although all unremitted dues checkoffs have been duly demanded.

46. Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as duly authorized collecting agent for the UNION, for unremitted dues checkoffs.

AS AND FOR A NINTH CLAIM FOR RELIEF

(UNION'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT CORPORATION)

47. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48. Pursuant to the Agreement, defendant CORPORATION, *inter alia*, became obligated to remit contributions to the PAC deducted from the wages paid to the employees of defendant CORPORATION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

49. Upon information and belief, pursuant to the Agreement and as a result of work performed by individual employees of defendant CORPORATION who authorized said deduction in writing, defendant CORPORATION deducted at least $841.50 as and for PAC contributions for the period November 29, 2006 through March 23, 2007.

50. No part of the contributions contractually due the PAC has been remitted by defendant CORPORATION to PLAINTIFF, as duly authorized collecting agent for the UNION, although all unremitted PAC contributions have been duly demanded.

51. Accordingly, defendant CORPORATION is liable to PLAINTIFF, as duly authorized collecting agent for the PAC, who brings this action on behalf of the PAC, as and for unremitted contributions in the amount of at least $841.50 due for the period November 29, 2006 through March 23, 2007, plus the amount found due and owing from an audit of defendant CORPORATION's books and records for the period March 13, 2006 through the present.

## AS AND FOR A TENTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT SIGNATORY)

52. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. Defendant SIGNATORY is obligated, pursuant to the Agreement, to remit to the PAC contributions due.

54. No part of the contributions contractually due the PAC has been remitted by defendant SIGNATORY to PLAINTIFF, as duly authorized collecting agent for the PAC, although all contributions have been duly demanded.

55. Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as duly authorized collecting agent for the PAC, who brings this action on behalf of the PAC.

## AS AND FOR AN ELEVENTH CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT CORPORATION)

56. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

57. Pursuant to the terms and conditions of the Agreement, defendant CORPORATION is required, *inter alia*, to post and maintain a bond to guarantee payment of all fringe benefit contributions to PLAINTIFF and remittance of all dues checkoffs and PAC contributions to PLAINTIFF, as duly authorized collecting agent, that become due and owing. The Agreement provides in relevant part:

> The Employer shall post and maintain a bond to ensure payment of contributions to the Fringe Benefit Funds set forth in this Article of the Agreement and remittance of dues checkoffs and MTDCPAC contributions to the Union. The minimum amount of the bond shall be fifty thousand dollars ($50,000). The required amount of the bond shall increase based on the number of hours of work performed by the Mason Tender employees of the Employer in any twelve-month period, pursuant to the following schedule.

| Number of Mason Tender Hours | Minimum Bond |
| --- | --- |
| 35,000 to 49,999 | $ 70,000.00 |
| 50,000 to 74,999 | $100,000.00 |
| 75,000 to 99,999 | $130,000.00 |
| 100,000 or more | $150,000.00 |

58. Upon information and belief, defendant CORPORATION's employees performed 0 to 34,999 Mason Tender hours of work during any twelve-month period.

59. Defendant CORPORATION is obligated, pursuant to the Agreement, to post and maintain a bond in the amount of $50,000.00.

60. No bond in the amount of $50,000.00 has been provided to PLAINTIFF, as duly authorized collecting agents, by defendant CORPORATION, although such a bond is required pursuant to the Agreement, and PLAINTIFF, as duly authorized collecting agents, have been damaged in the amount of $50,000.00.

61. The failure, refusal or neglect of defendant CORPORATION to post and maintain the required bond constitutes a violation of the Agreement between defendant CORPORATION and the UNION with respect to which PLAINTIFF, as duly authorized collecting agent, are third-party beneficiaries.

62. Accordingly, defendant CORPORATION is obligated to post and maintain a bond in the amount of $50,000.00.


### AS AND FOR A TWELFTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR DAMAGES AGAINST DEFENDANT CORPORATION)

63. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 62 of this Complaint, as if fully set forth herein.

64. Pursuant to the Agreement, defendant CORPORATION, *inter alia*, is obligated to pay a penalty if defendant CORPORATION fails to cooperate with an audit. The Agreement provides in relevant part:

> In the event the Employer fails to produce the books and records necessary for an audit . . ., the Employer agrees to pay a penalty of $400.00.

65. Upon information and belief, defendant CORPORATION has failed to produce the books and records necessary for an audit for the period March 13, 2006 through the present.

66. The failure, refusal or neglect of defendant CORPORATION to produce the books and records necessary for an audit by plaintiffs FUNDS constitutes a violation of the Agreement between defendant CORPORATION and non-party UNION with respect to which plaintiffs FUNDS are third-party beneficiaries.

67. Accordingly, defendant CORPORATION is liable to PLAINTIFF as and for a penalty in the amount of $400.00.

## AS AND FOR A THIRTEENTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR DAMAGES AGAINST
DEFENDANT SIGNATORY)

68. PLAINTIFF repeats and re-allege each and every allegation contained in paragraphs 1 through 67 of this Complaint, as if fully set forth herein.

69. Defendant SIGNATORY is obligated, pursuant to the Agreement, to pay a penalty.

70. Upon information and belief, defendant SIGNATORY has failed to produce the books and records necessary for an audit for the period March 13, 2006 through the present.

71. Accordingly, defendant SIGNATORY is personally liable to plaintiffs FUNDS for a penalty in the amount of $400.00.

## AS AND FOR A FOURTEENTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT SIGNATORY)

72. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 71 of this Complaint, as if fully set forth herein.

73. Defendant SIGNATORY is obligated, pursuant to the terms of the Agreement, to post and maintain a bond.

74.     No bond in the amount of $50,000.00 has been provided to plaintiffs by defendant SIGNATORY, although such a bond is required pursuant to the Agreement.

75.     Accordingly, defendant SIGNATORY is personally obligated to post and maintain a bond in the amount of $50,000.00.

### AS AND FOR A FIFTEENTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST
DEFENDANT CORPORATION AND DEFENDANT SIGNATORY)

76.     PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.     Pursuant to the terms and conditions of the Agreement, defendants CORPORATION and SIGNATORY are required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF, as duly authorized collecting agent, remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, and permit and cooperate in the conduct of audits of defendant CORPORATION's books and records for so long as defendants remain obligated to do so pursuant to the Agreement.

78.     Upon information and belief, defendant CORPORATION and defendant SIGNATORY have failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF, as duly authorized collecting agent, for the period November 29, 2006 through March 23, 2007, remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, as duly authorized collecting agent for the period November 29, 2006 through March 23, 2007, failed to permit and cooperate in the conduct of an audit for the period November 29, 2006 through March 23, 2007, and are currently in breach of their obligations under the Agreement. Defendant CORPORATION's and defendant SIGNATORY's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreement.

79.   Article VI, Section 17(l) of the Agreement provides in pertinent part:

> Where payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the Trustees of Mason Tenders District Council Fringe Benefit Funds to have the Court enter an order permanently enjoining the Employer and its agents, representatives, directors, officers, stockholders, successors and assigns, for the remaining term of this Agreement from failing, refusing, or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the Mason Tenders District Council Fringe Benefit Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreement. In consideration of this Agreement, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the Trustees' application for this Order.

80.   Plaintiff has no adequate remedy at law to ensure that defendant CORPORATION and defendant SIGNATORY will adhere to the terms of the Agreement.

81.   PLAINTIFF will suffer immediate and irreparable injury unless defendant CORPORATION and defendant SIGNATORY, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits for so long as defendants remain obligated to do so pursuant to the Agreement. PLAINTIFF, as duly authorized collecting agent will suffer immediate and irreparable injury unless defendant CORPORATION and defendant SIGNATORY, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, as duly authorized collecting agent, for so long as they remain obligated to do so pursuant to the Agreement.

82.   Accordingly, PLAINTIFF request this Court to issue an injunction permanently enjoining defendant CORPORATION and defendant SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF and requiring them to permit and cooperate in the conduct of audits for the term of the Agreement. PLAINTIFF, as duly

authorized collecting agent, requests this Court to issue an injunction permanently enjoining defendant CORPORATION and defendant SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, as duly authorized collecting agent, for the term of the Agreement.

### AS AND FOR A SIXTEENTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF PURSUANT
TO ERISA AGAINST DEFENDANT CORPORATION)

83. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 82 of this Complaint, as if fully set forth herein.

84. Pursuant to the provisions of ERISA and the Agreement, defendant CORPORATION is required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits of defendant CORPORATION's books and records for so long as defendant CORPORATION remains obligated to do so pursuant to the Agreement.

85. Upon information and belief, defendant CORPORATION has failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF for the period November 29, 2006 through March 23, 2007 and is currently in breach of its statutory obligations under ERISA. Defendant CORPORATION's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

86. PLAINTIFF have no adequate remedy at law to ensure that defendant CORPORATION will continue to adhere to its statutory obligations.

87. PLAINTIFF will suffer immediate and irreparable injury unless defendant CORPORATION, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF for so long as defendant CORPORATION remains obligated to do so pursuant to ERISA.

88. Accordingly, PLAINTIFF request this Court to issue an injunction permanently enjoining defendant CORPORATION, its officers, agents, servants, employees and all

persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF for the term of the Agreement.

**WHEREFORE**, PLAINTIFF demands judgment:

(a)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for payment of all past due contributions in the amount of at least $161,471.40 for the period November 29, 2006 through March 23, 2007;

(b)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for payment of all contributions which became due for the period March 13, 2006 to the present, and which become due during the pendency of this action;

(c)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for accrued prejudgment interest on all contributions in accordance with ERISA § 502(g)(2);

(d)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for statutory damages on all contributions now due, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

(e)  for an Order requiring defendant CORPORATION and defendant SIGNATORY, jointly and severally, to permit and cooperate in the conduct of an audit of the books and records of defendant CORPORATION for the period March 13, 2006 to the present, by PLAINTIFF;

(f)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for remittance of all deducted dues checkoffs in the amount of at least $12,922.50 for the period November 29, 2006 through March 23, 2007 with interest;

(g)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for remittance of all deducted dues checkoffs which became owing for the period March 13, 2006 to the present and which become owing during the pendency of this action, with interest;

(h)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for remittance of all deducted PAC contributions in the

amount of at least $841.50 for the period November 29, 2006 through March 23, 2007 with interest;

(i)  against defendant CORPORATION and defendant SIGNATORY, jointly and severally, for remittance of all deducted PAC contributions which became owing for the period March 13, 2006 to the present, and which become owing during the pendency of this action, with interest;

(j)  for an Order requiring defendant CORPORATION and defendant SIGNATORY, jointly and severally, to post and maintain a bond in the amount of $50,000.00 to guarantee payment of all contributions which become due to PLAINTIFF and remittance of all dues checkoffs and PAC contributions which become due to PLAINTIFF, as duly authorized collecting agent,;

(k)  against defendants CORPORATION and SIGNATORY, jointly and severally, in the amount of $400.00 for failure to produce the books and records necessary for an audit;

(l)  for an Order permanently enjoining defendants CORPORATION and SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports in accordance with the applicable Agreement, and an Order permanently enjoining defendants CORPORATION and SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing to remit deducted dues checkoffs and PAC contributions to PLAINTIFF, as duly authorized collecting agent, for so long as they are obligated to do so pursuant to the applicable Agreement;

(m)  for an Order permanently enjoining defendant CORPORATION, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports in accordance with ERISA and the applicable Agreement; and

      (n)    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 30, 2007

GORLICK, KRAVITZ & LISTHAUS, P.C.
Attorneys for Plaintiffs

By: *[signature]*
Michael J. Vollbrecht, Esq.
MV 1118
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500