UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND and TRAINING PROGRAM FUND and,    07 Civ. 3499 (DC)
JOHN J. VIRGA, in his fiduciary capacity as Director,

                Plaintiffs                ANSWER

       -against-

BIG APPLE ROOFING & CONSTRUCTION CORP.
and HARRY MARKU,

                Defendants.
------------------------------------------------------------------X

Defendant, Harry Marku ("Marku"), by its attorneys, Arthur J. Semetis, P.C., answers the Amended Complaint (the "Amended Complaint"), upon information and belief, as follows:

### AS AND FOR A RESPONSE TO THE
### NATURE OF THE ACTION AND JURISDICTION

1. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 1, 2 and 3 of the Amended Complaint.

### AS AND FOR A RESPONSE
### TO THE PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4, 5, 6 and 7 of the Amended Complaint.

3. Admits the truth of the allegations set forth in paragraph 8 of the Amended Complaint that Marku is the President of Big Apple Roofing & Construction Corp., and denies the remainder of the allegations set forth in paragraph 8 of the Amended Complaint.

### AS AND FOR A RESPONSE
### TO THE FIRST CLAIM FOR RELIEF

5. In response to the allegations set forth in paragraph 9 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 8 of the Amended Complaint as if fully set forth herein.

6. Denies the truth of the allegations set forth in paragraphs 10, 11, 12 and 13 of the Amended Complaint.

**AS AND FOR A RESPONSE
TO THE SECOND CLAIM FOR RELIEF**

7. In response to the allegations set forth in paragraph 14 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 13 of the Amended Complaint as if fully set forth herein.

8. Denies the truth of the truth of the allegations set forth in paragraphs 14, 15, 16, 17 and 18 of the Amended Complaint.

**AS AND FOR A RESPONSE
TO THE THIRD CLAIM FOR RELIEF**

9. In response to the allegations set forth in paragraph 19 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 18 of the Amended Complaint as if fully set forth herein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 and 22 of the Amended Complaint.

11. Denies the truth of the allegations set forth in paragraphs 21 and 23 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**FOURTH CLAIM FOR RELIEF**

12. In response to the allegations set forth in paragraph 24 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 23 of the Amended Complaint as if fully set forth herein.

13. Denies the truth of the allegations set forth in paragraphs 25, 26, 27, 28, 29, 30 and 31 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**FIFTH CLAIM FOR RELIEF**

14. In response to the allegations set forth in paragraph 32 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 31 of the Amended Complaint as if fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 33 and 34 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**SIXTH CLAIM FOR RELIEF**

16. In response to the allegations set forth in paragraph 35 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 34 of the Amended Complaint as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 36 and 37 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**SEVENTH CLAIM FOR RELIEF**

18. In response to the allegations set forth in paragraph 38 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 37 of the Amended Complaint as if fully set forth herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

20. Denies the truth of the allegations set forth in paragraphs 40, 41 and 42 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## EIGHTH CLAIM FOR RELIEF

21. In response to the allegations set forth in paragraph 43 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 42 of the Amended Complaint as if fully set forth herein.

22. Denies the truth of the allegations set forth in paragraphs 44, 45 and 46 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## NINTH CLAIM FOR RELIEF

23. In response to the allegations set forth in paragraph 47 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 46 of the Amended Complaint as if fully set forth herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48, 49 and 50 of the Amended Complaint and respectfully refers the Court to the Agreement at the trial of this action for its true terms and conditions.

25. Denies the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## TENTH CLAIM FOR RELIEF

26. In response to the allegations set forth in paragraph 52 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 51 of the Amended Complaint as if fully set forth herein.

27. Denies the truth of the allegations set forth in paragraphs 53, 54 and 55 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## ELEVENTH CLAIM FOR RELIEF

28. In response to the allegations set forth in paragraph 56 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 55 of the Amended Complaint as if fully set forth herein.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57, 58, 59, 60 and 62 of the Amended Complaint.

30. Denies the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## TWELFTH CLAIM FOR RELIEF

31. In response to the allegations set forth in paragraph 63 of the Amended Complaint, Marku repeats, reiterates and re-alleges its responses to paragraphs 1 through 62 of the Amended Complaint as if fully set forth herein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 64, 65 and 66 of the Amended Complaint.

33. Denies the truth of the allegations set forth in paragraph 67 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**THIRTEENTH CLAIM FOR RELIEF**

34. In response to the allegations set forth in paragraph 68 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 67 of the Amended Complaint as if fully set forth herein.

35. Denies the truth of the allegations set forth in paragraphs 69, 70 and 71 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**FOURTEENTH CLAIM FOR RELIEF**

36. In response to the allegations set forth in paragraph 72 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 71 of the Amended Complaint as if fully set forth herein.

37. Denies the truth of the allegations set forth in paragraphs 73, 74 and 75 of the Amended Complaint.

**AS AND FOR A RESPONSE TO THE**
**FIFTEENTH CLAIM FOR RELIEF**

38. In response to the allegations set forth in paragraph 76 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 75 of the Amended Complaint as if fully set forth herein.

39. Denies the truth of the allegations set forth in paragraphs 77, 78, 80 and 81 and of the Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## SIXTEENTH CLAIM FOR RELIEF

41. In response to the allegations set forth in paragraph 83 of the Amended Complaint, Marku repeats, reiterates and re-alleges his responses to paragraphs 1 through 82 of the Amended Complaint as if fully set forth herein.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Amended Complaint.

43. Denies the truth of the allegations set forth in paragraphs 85, 86, 87 and 88 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. Marku disputes Plaintiffs' claims, inasmuch as all sums due have been paid.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Plaintiffs' claims include requests for payments for which Marku has no responsibility or liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. The Amended Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred by the applicable statutes of limitation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. Marku was not a signatory to the Collective Bargaining Agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. Marku did not execute a guaranty.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50. Marku has no personal liability for the obligations of Big Apple Roofing & Construction Corp.

**WHEREFORE**, Harry Marku seeks judgment against Plaintiffs as follows:

a)  Dismissing Plaintiffs' Amended Complaint in its entirety; and

b)  Awarding attorney's fees, costs and disbursements and interest.

Dated:    New York, New York
          October 23, 2007

>                         Arthur J. Semetis, P.C.
>
>                              /s/
>         By:_____
>             Constantine T. Tzifas, Esq. (CTT-9348)
>         Attorneys for *Harry Marku*
>         286 Madison Avenue – 14th Floor
>         New York, New York 10017
>         (212) 557-5055

CERTIFICATE OF SERVICE

**CONSTANTINE T. TZIFAS**, an attorney duly admitted to practice before United States District Court for the Southern District of New York affirms under the penalties of perjury:

On October 23, 2007, deponent served the within "ANSWER" upon:

Michael Vollbrecht, Esq.
Gorlick, Kravitz & Listhaus, P.C.
17 State Street, 4th Floor
New York, NY 10004

by delivering true copies, via first class mail under the exclusive custody and control of the U.S. Postal Service, of same to the above addresses.

/s/
_____
Constantine T. Tzifas (CTT-9348)

**Docket No.: 07-CV-3499**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND and TRAINING PROGRAM FUND and,
JOHN J. VIRGA, in his fiduciary capacity as Director,

                              Plaintiffs

              -against-

BIG APPLE ROOFING & CONSTRUCTION CORP.
and HARRY MARKU,

                            Defendants.
-----------------------------------------------------------------X


## ANSWER


**ARTHUR J. SEMETIS, P.C.**
**286 Madison Avenue**
**14th Floor**
**New York, New York 10017**
**(212) 557-5055**

To:
Attorney(s) for: _____

Service of a copy of the within                        is hereby admitted.

Dated:
........................................................
Attorney(s) for: